[Doc. Nos. 15, 17]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

NORRIS O. HITE, JR.,

        Plaintiff,

   v.

MARY E. PETERS, Secretary,
U.S. Department of
Transportation,

        Defendant.

Civil No. 07-4492-RMB-AMD

**MEMORANDUM OPINION
AND ORDER**

This matter comes before the Court by way of motion [Doc. No. 15] of Plaintiff, Norris O. Hite, Jr., for a protective order precluding Defendant, Mary E. Peters, from obtaining by way of subpoena the employment records of Plaintiff from PleasanTech Academy Charter School (hereinafter, "PleasanTech"), and by way of cross-motion [Doc. No. 17] of Defendant for an order to compel discovery. The Court has considered the submissions of the parties, and has decided this matter pursuant to FED. R. CIV. P. 78. For the reasons that follow, Plaintiff's motion for a protective order is denied, and Defendant's cross-motion to compel is granted.

Plaintiff initiated this action by filing a complaint on September 19, 2007 seeking judicial review and a trial de novo pursuant to 42 U.S.C. § 2000e-16(c) on the issues raised in his complaint of discrimination filed with the United States Equal Employment Opportunity Commission. (Compl. ¶¶ 3, 19.) Plaintiff alleges in the complaint that his employment with the Federal

Aviation Administration (hereinafter, "FAA") was terminated "on the basis of race (African-American), color (black) and sex (male)." (Id. at ¶¶ 5, 10, 13.)  Plaintiff seeks in this action, inter alia, a determination that the termination of his employment was discriminatory and, therefore, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., retroactive reinstatement with back pay, benefits, and compensatory damages under the Civil Rights Act of 1991.  (Compl., "Prayer for Relief".)

In the motion presently before the Court, Plaintiff requests an Order precluding Defendant from issuing a subpoena for Plaintiff's employment records from PleasanTech, Plaintiff's place of employment subsequent to his termination with the FAA.  (Pl.'s Mem. in Supp. of Mot. for Protective Order (hereinafter, "Pl. Br.") 1.)  Plaintiff contends that a request for his employment records is "highly intrusive" and relates to matters "which are not relevant to the issues of the lawsuit." (Id.)  Plaintiff asserts that in the event the Court awards back pay in this case, a back pay award can be computed in accordance with the Back Pay Act, 5 U.S.C. § 5596, and the formulas set forth in its implementing regulations.  (Id. at 2.)  Plaintiff represents that he already provided to Defendant "information necessary for back pay computation purposes," including W-2s, 1099s and a declaration regarding the income he has received since his termination with the FAA, and thus contends that the employment information to be

subpoenaed by Defendant is not relevant to the issues in this case. (Id. at 2-3.)

In response, Defendant seeks the employment records to demonstrate the extent to which Plaintiff mitigated his damages since the termination of his employment with the FAA in November 2003, which information is purportedly necessary in the calculation of any back pay that may be awarded to Plaintiff. Defendant propounded discovery as to Plaintiff's mitigation of damages, including his sources of income since November 2003, his availability for work since that time, and Plaintiff's receipt of disability insurance payments. (Def.'s Mem. in Opp. to Pl.'s Mot. for Protective Order and in Supp. of Def.'s Cross-Mot. to Compel Discovery (hereinafter, "Def. Br.") 2.) According to Defendant, Plaintiff stated in discovery that subsequent to his termination with the FAA, he was employed by PleasanTech as a substitute teacher and a full-time teacher, but Plaintiff has not provided the specific dates of employment in either a part-time or full-time position, and a computation of post-employment income is purportedly not possible based upon the information provided by Plaintiff. (Decl. of Irene E. Dowdy, Assistant United States Attorney (hereinafter, "Dowdy Decl.") ¶¶ 3, 12; Def. Br. 3.) While Plaintiff has provided W-2s, 1099s, and a declaration, Defendant asserts that the employment records from PleasanTech are necessary to verify, corroborate, refute, and/or add to the evidence provided by Plaintiff. (Def. Br. 10-11.) Defendant further argues that the

3

documents produced by Plaintiff do not set forth the amount of money that Plaintiff could have earned since his employment with the FAA was terminated in 2003.  (Id. at 11.)   In addition, Defendant asserts that Plaintiff responded in discovery that he received "unemployment compensation" and "Disability Insurance payments" as additional sources of income since November 2003, but allegedly has not provided any further information about his receipt of disability insurance payments or periods of disability. (Dowdy Decl. ¶¶ 3, 16; Def. Br. at 5-6.)   Defendant also contends that Plaintiff's employment records may disclose the reason why Plaintiff's employment with PleasanTech ended in 2007 and therefore are relevant to the issue of mitigation.  (See Def. Br. 11.) Defendant seeks an order denying Plaintiff's motion for a protective order and compelling Plaintiff to respond to supplemental discovery concerning his receipt of disability insurance payments.

Federal Rule of Civil Procedure 26(c) provides the Court with authority to enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"  FED. R. CIV. P. 26(c)(1).  Upon a showing of good cause, the Court may "forbid[] the disclosure or discovery," or may "forbid[] inquiry into certain matters, or limit[] the scope of disclosure or discovery to certain matters[.]"  Id.  The party seeking a protective order bears the burden of demonstrating that good cause exists to limit or foreclose discovery.  See id.  A

party seeking a protective order is required to demonstrate a "particular need for protection." Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d. Cir. 1986).

Plaintiff's objections to production of his employment records are based on two different grounds. First, Plaintiff opposes any discovery on mitigation issues, asserting that back pay "can be computed in accordance with the formulas applied by the courts and administrative agencies under the Back Pay Act at 5 U.S.C. § 5596[,]" and that "[b]ack pay damages are calculated by subject matter experts, i.e., personnelists employed by federal administrative agencies, and involve a comparison of income and monetary value of benefits had plaintiff remained employed at FAA versus his post-termination salary and benefits." (Pl. Br. 2.) Second, Plaintiff asserts that the discovery is not relevant, or alternatively, that the information provided is sufficient. (Id. at 1, 3.) For the reasons that follow, the Court rejects both arguments.

With respect to the argument based upon the Back Pay statute, the Court notes that Plaintiff brings this case pursuant to 42 U.S.C. § 2000e-16, by which a federal government employee may file a civil action as provided in 42 U.S.C. § 2000e-5. 42 U.S.C. § 2000e-16(d) specifically makes 42 U.S.C. § 2000e-5(g), governing remedies available for unlawful employment practices, applicable to actions brought by a federal employee pursuant to 42 U.S.C. § 2000e-16. Under 42 U.S.C. § 2000e-5(g), "[i]f the court finds

that the respondent has intentionally engaged in . . . an unlawful employment practice charged in the complaint, the court may . . . order such affirmative action as may be appropriate, which may include . . . reinstatement or hiring of employees, with or without back pay[.] . . ." 42 U.S.C. § 2000e-5(g). However, "[i]nterim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable." Id. Thus, Title VII claimants have a statutory duty to mitigate damages. The employer, however, bears the burden of proving a failure to mitigate. Booker v. Taylor Milk Co., Inc., 64 F.3d 860, 864 (3d Cir. 1995) (citing Robinson v. SEPTA, Red Arrow, 982 F.2d 892, 897 (3d Cir. 1993)). Upon a finding of an employee's failure to mitigate, a back pay award must be reduced by the amount the employee could have earned with reasonable diligence. Id. at 866.

In light of Plaintiff's duty to mitigate damages under Title VII, the Court rejects Plaintiff's assertion that the information sought by Defendant in discovery for determining mitigation is unnecessary to the calculation of back pay under the Back Pay Act.[1]

---

1.  The Back Pay Act provides, in relevant part, as follows:

> An employee of an agency who . . . is found by appropriate authority under applicable law . . . to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee--
>
> (A) is entitled, on correction of the

6

(See Pl. Br. 2-3.)  While Plaintiff contends that a back pay award will be calculated by comparing "income and monetary value of benefits had plaintiff remained employed at the FAA versus his post-termination salary and benefits" (id. at 2), Title VII expressly requires that a back pay award be reduced by "amounts earnable with reasonable diligence by the person or persons discriminated against[.] . . ."  42 U.S.C. § 2000e-5(g).  Thus, mitigation of damages impacts the calculation of back pay under the Back Pay Act for a Title VII violation.  See Brown v. Secretary of the Army, 918 F.2d 214, 217-18 (C.A.D.C. 1990) ("[T]he Back Pay Act is an auxiliary measure that leaves the structural framework of Title VII intact and fully applicable. . . . The specific limitation of Title VII must prevail over the more generous term of the Back Pay Act. . . . Title VII and the Back Pay Act, are most sensibly read as complementary.").  Moreover, the Court rejects Plaintiff's assertion that evidence concerning mitigation in this action will not be presented to the trier of fact and is therefore

---

personnel action, to receive for the period for which the personnel action was in effect--

(i) an amount equal to all or any part of the pay, allowances, or differentials, as applicable which the employee normally would have earned or received during the period if the personnel action had not occurred, less any amounts earned by the employee through other employment during that period[.]

5 U.S.C. § 5596(b)(1)(A)(i).

not discoverable.   (See Pl. Br. 2.)   A determination of whether
Plaintiff met his duty to mitigate damages is made by the trier of
fact.   See Booker, 64 F.3d at 864.   Accordingly, even if the trier
of fact does not ultimately calculate the final amount of a back
pay award because such determination may be made by "personnelists
employed by federal administrative agencies," as Plaintiff asserts,
evidence must be presented to the trier of fact on the issue of
mitigation.   Cf. White v. Bloomberg, 501 F.2d 1379, 1384 (4th Cir.
1974) (in affirming district court's refusal to reopen judgment to
consider mitigation issue that was not raised prior to entry of
summary judgment on liability, Fourth Circuit noted that
regulations under Back Pay Act have not adopted a procedure for
"exclusive administrative computation of back pay following a
judicial order for reinstatement" and thus rejected defendant's
argument that it was not required to raise mitigation before the
district court).

The Court also rejects Plaintiff's argument that the post-
termination employment records sought by Defendant are not relevant
to the issues in this case.   (Pl. Br. 1.)   As a general matter,
parties may "obtain discovery regarding any nonprivileged matter
that is relevant to any party's claim or defense[.] . . . "   FED.
R. CIV. P. 26(b)(1).   The Court may also permit for "good cause"
discovery of matters that are "relevant to the subject matter
involved in the action."   Id.   "Relevant information need not be
admissible at the trial if the discovery appears reasonably

calculated to lead to the discovery of admissible evidence." Id.; see also Nestle Foods Corp. v. Aetna Cas. & Sur. Co., 135 F.R.D. 101, 104 (D.N.J. 1990) ("[I]t is important to distinguish the right to obtain information by discovery from the right to use it at trial."). Thus, relevancy is more liberally and broadly construed at the discovery stage than at trial. See Nestle, 135 F.R.D. at 104. The party resisting discovery "has the burden of clarifying, explaining and supporting its objections." Id. (citing Tele-Radio Sys. Ltd. v. De Forest Elec., 92 F.R.D. 371, 375 (D.N.J. 1981)). Once the party resisting discovery meets this requirement, however, the burden is placed on the proponent of the discovery request to show that the information sought is relevant. See id. (citing McClain v. Mack Trucks, Inc., 85 F.R.D. 53, 57 (E.D. Pa. 1979); United States v. Int'l Bus. Mach. Corp., 66 F.R.D. 215, 218 (S.D.N.Y. 1974)).

The Court finds that Plaintiff's post-termination employment records are relevant under Rule 26 standards to the issue of mitigation of damages, and specifically, the amount that Plaintiff could have earned with reasonable diligence.[2] Defendant contends, and the Court agrees, that documents setting forth the specific dates on which Plaintiff was employed by PleasanTech in a full-time position, those dates on which he was employed in a part-time position, and the rates of pay for each period of employment, bear

---

2. As noted above, Defendant in this case bears the burden of proving a failure to mitigate. Booker, 64 F.3d at 864.

on the amount Plaintiff could have earned with reasonable diligence. (Def. Br. 2, 11.) The employment records are likely to contain such information, and a request for these documents thus is reasonably calculated to lead to the discovery of admissible evidence on the issue of mitigation.[3] See Noble v. Ruby Tuesdays Restaurants, Inc., No. Civ. A. 2:06-259, 2007 WL 3125131, at *2 (S.D. Ohio Oct. 23, 2007) (in Title VII employment action, "[e]mployment records are relevant to the issues of mitigation and damages[.]"); E.E.O.C. v. Woodmen of World Life Ins. Soc., No. Civ. A. 8:03-165, 2007 WL 649298, at *5 (D. Neb. Feb. 1, 2007) (in Title VII employment action, court found that "although the plaintiffs have provided certain financial information, the employment records sought [from plaintiff's employers for whom plaintiff worked subsequent to her employment with defendant] . . . may contain information relevant to [plaintiff's] mitigation of damages. Additionally, [plaintiff's] general job performance records reasonably bear on the defendant's stated reason for [plaintiff's] demotion[.]"); Walker v. Northwest Airlines Corp., No. Civ. 00-2604, 2002 WL 32539635, at *2 (D. Minn. Oct. 28, 2002) ("[B]oth past and post-termination wage and employment records are highly relevant to the issue of mitigation and to the computation of damages in this case. . . . [O]ther types of employment information

---

3. Furthermore, while Plaintiff has provided W-2s, 1099s, and a declaration to demonstrate his post-termination employment income, the Court rejects the argument that these documents preclude Defendant from seeking employment records by way of subpoena.

such as disciplinary records, resumes, and applications . . . are reasonably calculated to lead to admissible evidence."). The Court concludes that Defendant is entitled to discovery of documents bearing on mitigation and that the employment records are relevant to the issue of mitigation. Plaintiff proffers no other basis to support his request for a protective order; accordingly, Plaintiff's request for a protective order is denied.

Defendant has cross-moved to compel Plaintiff to provide additional information and documentation as to the periods he received disability insurance payments. (See Dowdy Decl. Ex. 6 (Letter dated August 13, 2008) at 3.) Defendant's Interrogatory 9 requested that Plaintiff "[d]escribe in detail all sources of income [he] ha[s] had since the termination of [his] employment with the Federal Aviation Administration[.]" (Dowdy Decl. Ex. 1 at 10.) In addition, Defendant's document request sought production of "[a]ll documents, records, and/or writings identified and/or relied upon in answering the above interrogatories." (Id. at 12.) Plaintiff's response to Interrogatory 9 was as follows: "Unemployment compensation, salary from positions at PleasanTech Academy Charter School. Disability Insurance payments." (Dowdy Decl., Ex. 5.) No further information has purportedly been provided by Plaintiff with respect to the disability insurance payments he received. (Dowdy Decl. ¶ 16.)

Rule 37(a) of the Federal Rules of Civil Procedure provides that, on notice to other parties and all affected persons, "a party may move for an order compelling disclosure or discovery." FED. R.

11

CIV. P. 37(a)(1).  The Rule further provides that a motion to compel a discovery response is appropriate when "a party fails to answer an interrogatory submitted under Rule 33" or when "a party fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34."  FED. R. CIV. P. 37(a)(3)(B).  An "evasive or incomplete" discovery response "must be treated as a failure to disclose, answer, or respond."  FED. R. CIV. P. 37(a)(4).

The Court finds that Plaintiff is required to provide a supplemental response to Defendant's Interrogatory 9 in accordance with FED. R. CIV. P. 37(a).  Defendant specifically requested the name and address of the entity providing "disability insurance benefits," the amounts received by Plaintiff, a description of the nature of the "disabilit[y][ies] claimed by Plaintiff," and copies of all disability insurance policies and all documents submitted by Plaintiff to the insurer(s) in support of his claim for benefits under such disability insurance policies.  (Dowdy Decl. Ex. 6.) According to defense counsel, Plaintiff's counsel purportedly agreed that Defendant was entitled to more detailed information about the disability payments than had been provided in Plaintiff's interrogatory response, but Plaintiff has failed to provide such information.  (Dowdy Decl. ¶¶ 8, 16.)  Moreover, the Court notes that Plaintiff has not filed any opposition to the cross-motion to compel.  Therefore, the Court shall grant Defendant's cross-motion to compel.

CONSEQUENTLY, for the reasons set forth above and for good cause shown:

IT IS on this 19th day of June 2009,

**ORDERED** that Plaintiff's motion [Doc. No. 15] for a protective order shall be, and is hereby, **<u>DENIED</u>**; and it is further

**ORDERED** that Defendant's cross-motion [Doc. No. 17] to compel shall be, and is hereby, **<u>GRANTED</u>**; and it is further

**ORDERED** that Plaintiff shall provide a response to Defendant's Interrogatory 9, as supplemented by Defendant's August 13, 2008 letter, by no later than **July 10, 2009.**


<u>s/ Ann Marie Donio</u>
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Renée Marie Bumb

13